**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALLIED PROPERTY AND** | ) | |
| **CASUALTY INSURANCE CO.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:16cv1402 SNLJ** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MEGAN BRESLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Allied Property and Casualty Insurance Co. ("Allied") brought this

declaratory judgment action against defendant Megan Bresler seeking a judgment that

defendant is not entitled to underinsured motorist coverage pursuant to the terms of

defendant's insurance contract with Allied.  Plaintiff has moved to dismiss for lack of

subject matter jurisdiction (#15).  The matter is fully briefed and ready for disposition.

## I.    Factual Background

According to the Complaint, this case arises out of a claim made by defendant for

underinsured motorist coverage pursuant to her automotive insurance policy ("Policy")

with Allied.  Defendant was involved in an automobile accident on October 26, 2015.

She alleged that the other driver (the "Tortfeasor") involved in the accident was at fault.

Defendant recovered the $250,000 policy limit of the Tortfeasor's applicable insurance

policy.  She also recovered the $1,000,000 limit of liability of the insurance policy

applicable to the vehicle she was driving at the time of the accident.  Defendant advised

Allied that her injuries exceeded the $250,000 limit of liability of the Tortfeasor's policy and that she is therefore entitled to underinsured motorist coverage pursuant to her Policy.

The Policy states that it offers "underinsured motorist coverage" ("UIC") and defines "underinsured motor vehicle" as a vehicle which is subject to an insurance policy which has a "limit for bodily injury liability…less than the limit of liability for this coverage." The Policy's limit of liability for UIC is $100,000. Plaintiff Allied states that the Tortfeasor's insurance limit of liability is $250,000, which is more than the $100,000 limit of liability of UIC under defendant's Policy. Plaintiff thus claims that the Tortfeasor was not driving an underinsured motor vehicle and that defendant is not entitled to UIC as a result.

Defendant has moved to dismiss plaintiff's claim for lack of subject matter jurisdiction.

## II.  Discussion

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a case in the even the Court lacks subject matter jurisdiction. The same standard governs motions to dismiss under both Rules 12(b)(1) and 12(b)(6). *Vankempen v. McDonnell Douglas Corp.,* 923 F.Supp. 146, 147 (E.D.Mo.1996) (citing *Satz v. ITT Fin. Corp.,* 619 F.2d 738, 742 (8th Cir.1980)); *see also Arnold v. Hoelscher*, 1:10-CV-187 SNLJ, 2011 WL 1226901, at *1 (E.D. Mo. Mar. 30, 2011).

Plaintiff asserts this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in

controversy is in "exceeds… $75,000, exclusive of interests and costs." As the party invoking this Court's jurisdiction, plaintiff has the burden of establishing such jurisdiction exists. *See Mountaire Feeds, Inc. v. Argro Impex, S.A.*, 677 F.2d 651, 653 n. 3 (8th Cir. 1982). A Court must dismiss a case if it finds to a legal certainty that the amount in controversy does not exceed $75,000. *See State of Missouri ex rel. Pemiscot Co., Mo. v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

Defendant insists the amount in controversy does not exceed $75,000 and that the Court lacks jurisdiction as a result. Plaintiff states that the amount in controversy is $100,000, or the amount of the UIC limits of liability contained in the insurance policy. Plaintiff insists that because the Policy states that this limit of liability is reduced by the amount of insurance the underinsured motorist has at the time of the accident, and Missouri requires a minimum of $25,000 in automobile liability insurance, then it is a legal certainty that the amount in controversy does not exceed $75,000, exclusive of interest and costs.

The plaintiff insists that the setoff is not at issue because it will not be litigated. Rather, the matter of whether the Tortfeasor's vehicle is a "underinsured motor vehicle" will be litigated. Plaintiff notes that even if this Court did consider the setoff, the setoff in this case would be $250,000 --- the Tortfeasor's insurance policy's limit of liability --- and the Policy limit of liability is thus $0, not $75,000.

This matter is not entirely one of first impression for this Court. In *Brew v. Safeco Ins. Co. of Illinois*, No. 4:15cv970TCM, 2015 WL 4715295, at *3 (E.D. Mo. Aug. 7, 2015), this Court addressed a similar issue. There, the plaintiff was the policy holder who

sought $100,000 underinsured motorist coverage. The defendant insurance company had included as an affirmative defense that it was entitled to a setoff of the $25,000 the plaintiff had received from the other driver's insurer. *Id.* at *2-3. The plaintiff thus sought remand of her lawsuit back to state court because she said the $75,000 amount-in-controversy requirement was not met. Indeed, the $100,000 UIM coverage minus the $25,000 setoff did not satisfy the "exceeds…$75,000" jurisdictional requirement. However, this Court held that the insurance company's "position that it is entitled to a setoff does not negate, for purposes of diversity jurisdiction, Plaintiff's claim that she should be awarded the full amount of" UIM coverage provided by her policy. *Id.* at *3. Here, the facts are inverted because it is the plaintiff insurance company who seeks a declaratory judgment that the claimant defendant is not entitled to $100,000 in UIM proceeds; but the matter of a setoff is not at issue in the litigation. The Policy's limits of liability are $100,000 and the Court considers that amount as the amount in controversy for purposes of establishing diversity jurisdiction.

### III. Conclusion

Defendant's motion to dismiss will be denied. Briefing shall resume on plaintiff's pending motion for summary judgment as described below.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#15) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant shall file a memorandum in response to plaintiff's motion for summary judgment no later than February 1, 2017.

Dated this  11th  day of January, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE