**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **ALLIED PROPERTY AND** ) | |
| **CASUALTY INSURANCE CO.,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **Case No. 4:16cv1402 SNLJ** |
| ) | |
| **vs.** ) | |
| ) | |
| **MEGAN BRESLER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiff Allied Property and Casualty Insurance Co. ("Allied") brought this

declaratory judgment action against defendant Megan Bresler seeking a judgment that

defendant is not entitled to underinsured motorist coverage pursuant to the terms of

defendant's insurance contract with Allied. Plaintiff has moved for summary judgment

(#9). After staying briefing on this matter during the pendency of the defendant's motion

to dismiss, the matter is fully briefed and ready for disposition.

## I.     Factual Background

The following facts are not in dispute. Defendant was involved in an automobile

accident on October 26, 2015. She alleged that the other driver (the "Tortfeasor")

involved in the accident was at fault. Defendant recovered the $250,000 policy limit of

the Tortfeasor's applicable insurance policy. She also recovered the $1,000,000 limit of

liability of the insurance policy applicable to the vehicle she was driving at the time of

the accident. Defendant seeks underinsured motorist coverage under her own policy of

automobile insurance issued to her by plaintiff Allied (the "Policy") because she says her injuries exceeded the $250,000 limit of liability of the Tortfeasor's policy.

The Policy states that it offers "underinsured motorist coverage" ("UIM coverage") and defines "underinsured motor vehicle" as a vehicle which is subject to an insurance policy which has a "limit for bodily injury liability…less than the limit of liability for this coverage." The Policy's limit of liability for UIM coverage is $100,000. The Tortfeasor's insurance limit of liability is $250,000, which is more than the $100,000 limit of liability of UIC under defendant's Policy. Allied thus claims that the Tortfeasor was not driving an underinsured motor vehicle and that defendant is not entitled to UIM coverage as a result.

Allied has moved for summary judgment.

## II.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). Because "the interpretation and construction of insurance policies is a matter of law, ... such cases are particularly amenable to summary judgment." *John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 417 (8th Cir. 1991).

Because this is a diversity case, the Court applies state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Plaintiff's claim is based on a

Missouri contract and an accident that occurred in Missouri. The parties appear to agree that Missouri law controls.

## III. Discussion

There is no statutory requirement that an automotive insurance contract contain UIM coverage, so its existence is determined by the contract entered into between the parties. *Rodriguez v. General Accident Ins. Co. of Am.*, 808 S.W.2d 379, 383 (Mo. *banc* 1991). The interpretation of an insurance policy is a question of law for which the general rules of contract interpretation apply. *Peters v. Employers Mut. Cas. Co.*, 853 S.W.2d 300, 301-02 (Mo. *banc* 1993). "If the policy language is unambiguous, it must be enforced as written." *Progressive Cas. Ins. Co. v. Morton*, 140 F. Supp. 3d 856, 861 (E.D. Mo. 2015). "[A]mbiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. *banc*. 2007). "The fact that the parties disagree over the policy's interpretation does not render a term ambiguous. " *Morton*, 140 F. Supp. 3d at 861.

The Policy here provides that, with respect to the UIM coverage endorsement,

We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury"…

"Underinsured motor vehicle" is defined as a vehicle

…to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

Plaintiff Allied contends that the Tortfeasor's vehicle does not qualify as an "underinsured motor vehicle" under the plain language of the Policy because the Tortfeasor's vehicle policy's limit of liability is $250,000. The Tortfeasor's $250,000 policy limit is well over the $100,000 limit of defendant's Policy, so Allied argues that defendant Bresler is not entitled to recover under the UIM endorsement.

Defendant suggests that, when the policy is read as a whole, it creates an ambiguity regarding the definition for UIM coverage and that $100,000 of UIM coverage is available for damages the insured sustained in excess of the Tortfeasor's insurance. Specifically, defendant argues that the following terms in the Policy show its "inherent duplicity."

> 1. That there is $100,000 of UIM coverage for each person and $300,00 for each accident. (Policy Declarations p. 1 of 2.)
>
> 2. That Allied "will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of the persons or organizations who may be legally responsible." (Policy UIM Coverage Section p. 2 of 3.)
>
> 3. "Any amount otherwise payable for damages under this coverage shall be reduced by all sums paid because of bodily injury by or on behalf of persons or organizations who may be legally responsible." (*Id.*)

(*See* #22 at 3.) Defendant says that these provisions promise $100,000 of UIM coverage, but that such coverage is then reduced by the underinsured driver's insurance and that the Policy also reduces damages recoverable by the amount of recovery received from the same underinsured motorist. Defendant says "this is classic double dipping."

Although "it is well-settled that where one section of an insurance policy promises coverage and another takes it away, the contract is ambiguous," that is not the case here.

*See Swadley v. Shelter Mut. Ins. Co.*, --- S.W.3d ---, SC 95844, 2017 WL 980655, at *2

(Mo. *banc*. Mar. 14, 2017) (quoting *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d

132, 140–41 (Mo. *banc* 2009)).  As the Missouri Supreme Court held in *Swadley*,

> Nowhere does this policy expressly promise UIM coverage under every
> circumstance, and nowhere does it promise UIM coverage when the
> underinsured motorist has liability coverage equal to or greater than the
> UIM limit.  Therefore, the policy is not rendered ambiguous by the fact that
> the policy's definition of "underinsured motor vehicle" restricts UIM
> coverage to applying only when the underinsured motorist has liability
> coverage less than the UIM limit. As this Court has previously explained:
>
> Insurance policies customarily include definitions that limit words used in
> granting coverage as well as exclusions that exclude from coverage
> otherwise covered risks. While a broad grant of coverage in one provision
> that is taken away by a more limited grant in another may be contradictory
> and inconsistent, the use of definitions and exclusions is not necessarily
> contradictory or inconsistent. ... Definitions, exclusions, conditions and
> endorsements are necessary provisions in insurance policies. If they are
> clear and unambiguous within the context of the policy as a whole, they are
> enforceable. *Floyd–Tunnell v. Shelter Mut. Ins. Co.*, 439 S.W.3d 215, 221
> (Mo. banc 2014).

*Swadley*, --- S.W.3d ---, 2017 WL 980655, at *2.  No provision cited by defendant

Bresler renders the UIM vehicle definition ambiguous.  The "definitions, exclusions,

conditions and endorsement" are "clear and unambiguous within the context of the policy

as a whole." *See id.*  Indeed, this Court recently held that an identical set-off provision

did not render an identical definition of "underinsured motor vehicle" ambiguous. *Allied*

*Prop. & Cas. Ins. Co. v. Stuart*, --- F.Supp.3d ---, No. 4:16-CV-806 (CEJ), 2017 WL

386546, at *6 (E.D. Mo. Jan. 27, 2017) (citing *Burger v. Allied Prop. & Cas. Ins. Co.*,

822 F.3d 445, 448 (8th Cir. 2016)).  As this Court held, "[e]ven if the policy did contain

inconsistent statements about the amount of coverage due once coverage has been

triggered, such inconsistency would be immaterial to the question at issue here: whether the policy provides for coverage at all." *Id.* (quoting *Burger*, 822 F.3d at 450).

The Policy's underinsured motor vehicle definition is not ambiguous, as it plainly requires that the Tortfeasor's policy limits be less than those of defendant's UIM coverage limits. Because the Tortfeasor's policy limits are $250,000 and defendant's UIM coverage limits are $100,000, the Tortfeasor's vehicle does not qualify as an underinsured motor vehicle. Plaintiff is entitled to summary judgment. .

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment (#8) is **GRANTED**.

Dated this  12th  day of May, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE